702 P.2d 1362

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Joseph Scott HANSEN, Defendant-Appellant.**

No. 14632.

Court of Appeals of Idaho.

June 26, 1985.

John P. Luster, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Leslie L. Goddard, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

This is an appeal by Joseph Scott Hansen from a conviction of rape, following a jury trial. I.C. § 18–6101. On appeal, Hansen contends that the trial court erred in denying his motion either to suppress an expert witness's testimony or alternatively to grant a continuance in order to prepare for such testimony due to late disclosure by the prosecutor. Hansen further argues that the trial court erred in giving certain jury instructions. We reject both of these contentions and affirm.

It was undisputed at trial that the victim, while hitchhiking, accepted a ride with Hansen and his passenger. Hansen drove some distance out of Coeur d'Alene, Idaho, turned off the main highway then onto a gravel road and stopped in a rural area. The victim testified both men forcibly removed her clothing and raped her. The two men, who were jointly charged and tried for the crime, acknowledged having sexual intercourse with the victim in the back seat of Hansen's car, but testified the acts were completely consensual, without any accompanying force, threats or violence. Afterwards, while Hansen and the other defendant were outside the car, the victim quickly locked the doors and drove away. She drove back to Coeur d'Alene, went to the police station and reported that she had been raped. Hansen and his companion were arrested later that day after Hansen reported his car had been stolen. The following day, a sheriff's detective, an officer, and the victim returned to the scene where the detective discovered a piece of torn cloth in the weeds at the side of the road. The victim identified the cloth as being a piece of the underwear she had been wearing the day before. The critical issue at trial, which the jury had to determine from conflicting testimony, was whether the victim consented to the acts. Both defendants were convicted. We are concerned here only with Hansen's appeal.

I

Hansen first argues that the trial court erred in denying his alternative motion either to suppress the testimony of a "criminalist" or to allow a continuance in order to prepare for such testimony because defense counsel did not receive a copy of the report of an examination of physical evidence conducted by the expert until three days prior to the trial. The expert testified about her microscopic examination of the material and the ripped edges of the torn

cloth found at the scene of the alleged crime as compared to the torn underwear the victim had been wearing that day. From her examination, the criminalist stated her opinion that the torn cloth found at the scene was originally a part of the underwear worn by the victim and that they were all the same garment at one time. Both parties recognized the importance of this evidence. Hansen and his co-defendant testified that sexual intercourse was accomplished without force and that no tearing of the victim's clothing occurred. Hansen suggested that if any of the victim's clothing was torn that day it must have been done by the woman after she drove off in his car upon learning that he would not take her to her intended destination. The small piece of cloth stuck to a weed where the car had been parked discredited Hansen's theory.

■ Where the question is one of late disclosure rather than failure to disclose, the inquiry on appeal is whether the lateness of the disclosure so prejudiced the defendant's preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial. *State v. Smoot*, 99 Idaho 855, 590 P.2d 1001 (1978). The granting of a motion for a continuance is in the sound discretion of the trial court, and will not be disturbed unless there has been a clear abuse of discretion. *State v. Ward*, 98 Idaho 571, 569 P.2d 916 (1977). Therefore, we must determine whether the late disclosure of the lab results caused prejudice to Hansen, resulting in an unfair trial and whether the trial court abused its discretion in denying a continuance.

A review of the record illustrates that Hansen made a written request for discovery and inspection of tangible objects and for the results of any physical or scientific tests made in connection with the case in accordance with I.C.R. 16. On September 30, 1981, approximately one month after the events took place and five months before trial, the state responded to Hansen's discovery request. At that time the state did not have any results from the laboratory examination, as that was not conducted until February 26, 1982. However, the state did disclose that it intended to use as evidence the victim's panties as well as the torn piece of fabric which was described as "one (1) torn piece of panties." The state also listed the expert's name and address in its list of potential witnesses. Finally, the state included a copy of the police report which stated where the piece of cloth was found and that the victim identified it as a torn piece of her underwear. Therefore, from September 30 onward, Hansen was on notice of the evidence that directly contradicted his version of the events.

■ Further, Hansen has not shown any dilatory tactics on the part of the prosecutor. The record indicates that the state received a report from the forensic laboratory on March 5 and delivered a copy to Hansen's counsel the same day. Therefore, the state made every effort to disclose the report as soon as it was available. The record indicates that Hansen had several months before trial to conduct his own investigation into the torn piece of cloth. The trial date of March 8 had been set by the court on September 27th. This should have alerted counsel to the time restraints imposed. In addition, at trial while arguing for the motion to suppress or for a continuance, Hansen did not make an offer of proof disclosing what additional independent testing would establish. There is not even a contention in the record—let alone any evidence—that the expert misidentified the piece of cloth as having come from the victim's panties. Both the victim and an investigating officer testified as to where the cloth was found. That testimony was uncontradicted.

For these reasons, we find that the disclosure of the report close to the date of the trial did not prejudice Hansen so as to deny him a fair trial. Therefore, we hold that the trial court did not err in denying

the motion to exclude the expert witness's testimony and we find no abuse of discretion in the denial of a request for a continuance.

## II

Hansen next argues that an instruction given to the jury setting forth portions of I.C. § 18–6101 was prejudicial. Hansen was charged in the information with the crime of rape in which the victim's resistance was overcome by force. The disputed jury instruction included other definitions of the crime of rape contained in the statute.[1]

It is well established that instructions to the jury must be considered as a whole. *State v. Tisdel*, 101 Idaho 52, 607 P.2d 1326 (1980). After a review of the entire jury instructions, we find Hansen's argument to be without merit. The jury instructions began with reciting the specific charge against Hansen. Then the general definitions of rape contained in portions of I.C. § 18–6101 were set forth. Following these general definitions, the jury was reminded that the particular charge made against Hansen alleged he overcame the victim's resistance by force or violence. Then the particular elements necessary to prove that charge were stated to the jury. Although we think the better practice would be to instruct only upon pertinent portions of the statute, we conclude that the jury instructions—considered as a whole and in the order in which they were given to the jury—clearly explained the particular charge made against Hansen. The elements needed to prove that charge were sufficiently set forth to avoid the possibility of Hansen being convicted of the crime under one or more of the inapplicable provisions of I.C. § 18–6101.

The judgment of conviction is affirmed.

---

1. The disputed instruction stated:
   You are instructed that rape is an act of sexual intercourse accomplished with a female under any of the following circumstances: One, where the female is under the age of eighteen years; or two, where she resists, but her resistance is overcome by force or violence; or three, where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution; or by any intoxicating narcotic, or anesthetic substance administered by or with the privity of the accused.