979 P.2d 128

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Wesley Melvin JOHNSON,
Defendant–Appellant.**

No. 24019.

Court of Appeals of Idaho.

April 28, 1999.

Review Denied June 21, 1999.

Alan E. Trimming, Ada County Public Defender; David J. Smethers, Deputy Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Wesley Melvin Johnson appeals from a judgment of conviction for felony driving under the influence (DUI). He contends that the trial court erred in allowing testimony from an expert witness for the State and in allowing the State to call a rebuttal witness to testify before completion of the defense evidence. He also asserts that the court erred in disclosing to the jury that the charge against Johnson was a felony.

## BACKGROUND

On October 24, 1996, two convenience store clerks noticed a pickup come into the store parking lot around 10 p.m. They watched as the driver, later identified to be Johnson, exited the pickup and staggered to a pay phone and then into the store. The clerks noticed that the driver smelled strongly of alcohol and that he slurred his words and seemed disoriented when he asked for directions. When Johnson left the store and drove away in his pickup, one of the clerks noted his license plate number and then telephoned the police to report that a drunk driver was on the street.

Boise Police Officer Lipple heard the resulting dispatch on the radio in his patrol car and subsequently saw the pickup stop at another convenience store. After observing Johnson staggering away from the vehicle, Officer Lipple made contact with him. Officer Lipple noticed a strong odor of alcohol coming from Johnson's breath and that his eyes were glassy and bloodshot. Johnson's speech was slurred, and he reacted slowly when trying to comply with the officer's requests for information. Johnson told the officer that he was diabetic and that he was not under the influence of drugs or alcohol.

Officer Sherfick, another officer on the scene, conducted field sobriety tests on Johnson. Johnson failed several of these, including the gaze nystagmus test. During his conversations with Johnson, Officer Sherfick also observed Johnson's bloodshot eyes, slurred speech and the strong smell of alcohol. Johnson was arrested for DUI, and police searched his pickup. During the search, Officer Lipple noticed an odor of alcohol in the vehicle and discovered several used syringes scattered about the floor.

Officer Sherfick took Johnson to the law enforcement building where he asked Johnson to submit to a breath test. Johnson

initially made no response to the request. Upon being asked a second time, he answered with a vulgar comment, which the officer deemed to be a refusal of the test.

Johnson was charged with felony DUI, I.C. §§ 18–8004, –8005(7). Before trial, Johnson filed a motion to exclude ten witnesses who had been disclosed by the State about one week before the trial date. The court granted the motion, with the exception of Paul Delaplain, a physician's assistant who had evaluated Johnson at the jail on the morning following his arrest.

During opening remarks to the jury, defense counsel stated that the defense would present evidence that Johnson suffered from diabetes and that Johnson's physical symptoms at the time of his arrest were caused by a hypoglycemic (low blood sugar) episode associated with diabetes. During the defendant's case-in-chief, the prosecutor requested that she be allowed to call a physician as a rebuttal witness before completion of the defense evidence in order to accommodate the witness's schedule. The prosecutor stated that the testimony of the physician, Dr. Cynthia Clinkingbeard, was offered to rebut defense evidence regarding Johnson's diabetes and symptoms of hypoglycemia. The district court overruled an objection from the defendant and allowed Dr. Clinkingbeard to testify out of order.

In giving jury instructions at the close of the evidence, the court informed the jury that Johnson was charged with "operating a motor vehicle while under the influence of alcohol and/or drugs, a felony ...," thus disclosing to the jury that the offense was charged as a felony rather than a misdemeanor.

The jury returned a guilty verdict. Johnson appeals and argues, first, that Paul Delaplain's testimony should have been excluded because his identity as a prospective witness was not timely disclosed and because his testimony violated the physician-patient privilege. Johnson next argues that the district court erred by allowing Dr. Clinkingbeard to testify before the defense had completed presentation of its case-in-chief. Finally, he argues that the district court erred when it revealed to the jury that Johnson was charged with felony DUI. For the following reasons, we affirm.

## ANALYSIS

### A. Paul Delaplain's Testimony

One week before Johnson's trial, the State filed a supplemental discovery response listing ten new witnesses it intended to call at trial. Johnson filed a motion in limine to exclude these witnesses on the ground that they were not timely disclosed. After a hearing, the district court allowed the State to call only one of the ten witnesses, Paul Delaplain. Johnson contends that the district court erred in admitting Delaplain's testimony in violation of the rules of discovery.

■ When an issue of late disclosure of prosecution evidence is presented, the inquiry on appeal is whether the lateness of the disclosure so prejudiced the defendant's preparation or presentation of his defense that he was prevented from receiving a fair trial. *State v. Byington,* 132 Idaho 589, 977 P.2d 203 (1999); *State v. Smoot,* 99 Idaho 855, 859, 590 P.2d 1001, 1005 (1978); *State v. Hawkins,* 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct.App.1998); *State v. Hansen,* 108 Idaho 902, 904, 702 P.2d 1362, 1364 (Ct.App.1985).

■ Johnson has not made the requisite showing that he was prejudiced by the untimely disclosure. Although he indicates that Delaplain's testimony was damaging to his defense, he does not argue that the late disclosure itself was the cause of any particularized prejudice. It is not enough to simply point out that a late-disclosed witness offered evidence that was detrimental to one's case. Rather, to prove prejudice, a defendant must show a reasonable probability that, but for the late disclosure, the outcome of the trial would have been different. *Byington, supra; State v. Tapia,* 127 Idaho 249, 255, 899 P.2d 959, 965 (1995). Johnson has not shown how the late disclosure of this readily available witness impaired his cross-examination of the witness or the presentation of his own evidence or otherwise could have affected the outcome of the proceeding. Consequently, we conclude that Johnson was not deprived

of a fair trial as a result of the late disclosure.

■ Johnson also argues that Delaplain's testimony violated the physician-patient privilege. Because Johnson did not object on this basis at trial, he argues that the admission of the testimony was fundamental error which can be asserted for the first time on appeal. *See State v. Sarabia,* 125 Idaho 815, 818, 875 P.2d 227, 230 (1994); *State v. Robbins,* 123 Idaho 527, 530, 850 P.2d 176, 179 (1993). However, our Supreme Court has declared that the admission of expert testimony is not subject to a fundamental error analysis because it neither goes to the foundation of the case nor takes from the defendant a right which was essential to his defense. *State v. Moore,* 131 Idaho 814, 822, 965 P.2d 174, 182 (1998); *State v. Bingham,* 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). Consequently, we deem the physician-patient privilege objection to have been waived by the lack of assertion below, and we do not reach the merits of this claim.

### B. Dr. Clinkingbeard's Testimony

Johnson next posits error in the district court's allowing Dr. Clinkingbeard to give rebuttal testimony before Johnson had presented his own expert testimony.

■ Ordinarily, of course, it is not appropriate for the State to present rebuttal evidence until the defense has rested. However, adjustments in the normal progression of evidence are often necessary to accommodate legitimate needs of the witnesses. The order of presentation of witnesses is an administrative decision within the discretion of the trial court. I.R.E. 611(a); *Mac Tools, Inc. v. Griffin,* 126 Idaho 193, 200, 879 P.2d 1126, 1133 (1994); *Nottingham v. McCormick,* 95 Idaho 188, 192, 505 P.2d 1260, 1264 (1973). Unless the record shows an abuse of discretion accompanied by prejudice to the defendant, we will not reverse the district court's ruling. *Findley v. Woodall,* 86 Idaho 439, 443, 387 P.2d 594, 596 (1963).

Johnson contends that he suffered prejudice because the premature presentation of Dr. Clinkingbeard's testimony foreclosed certain options for him and forced him to tailor his case to respond to Dr. Clinkingbeard's testimony. Johnson emphasizes that, absent the mistimed testimony from Dr. Clinkingbeard, he might have chosen to forego presentation of his own expert's testimony in order to preclude the State from using Dr. Clinkingbeard in rebuttal.

■ We find Johnson's argument unpersuasive. Although a potential defense must be raised through evidence presented by the defendant before the State may introduce evidence concerning that issue, *State v. Boehner,* 114 Idaho 311, 317, 756 P.2d 1075, 1081 (Ct.App.1988), it is not necessary that a defendant put on *expert* testimony before the State may rebut defense evidence with its own expert testimony. Before Dr. Clinkingbeard testified, the defense had already presented three witnesses, including Johnson, who had testified to their belief that he was in a hypoglycemic episode and not under the influence of drugs or alcohol at the time of his arrest. Thus, the defense theory that hypoglycemia accounted for Johnson's slurred speech, confusion and lack of coordination was already well developed before Dr. Clinkingbeard was called as a witness. Her testimony, which was limited to her medical opinion as to whether Johnson's symptoms at the time of his arrest could be attributed to hypoglycemia, would have been permissible rebuttal to the preceding defense witnesses, even if the defendant had never called an expert witness. Her testimony was not presented in anticipation of evidence that Johnson might never have offered, but was in rebuttal to evidence that he had already tendered. Therefore, the district court did not abuse its discretion in admitting her testimony before the close of the defendant's case.

### C. The Jury Instruction

■ The information alleged that Johnson's offense was a felony under I.C. § 18–8005(7) because he had been convicted of felony DUI within the preceding ten years. In such cases, the trial must be bifurcated, and during the first phase of the trial, no mention is to be made of the defendant's prior offense or offenses that are the basis for the enhancement to a felony. *State v. Wiggins,* 96 Idaho 766, 536 P.2d 1116 (1975).

Only if a guilty verdict is returned in this first phase is the jury to be informed of the enhancement allegations and presented with evidence of the defendant's prior convictions. *Id. See also State v. Johnson,* 86 Idaho 51, 383 P.2d 326 (1963). This bifurcation procedure was adopted because "to place before a jury the charge in an indictment, and to offer evidence on trial as part of the state's case that the defendant has previously been convicted of one or more offenses is to run a great risk of creating a prejudice in the minds of the jury that no instruction of the court can wholly erase." *Wiggins,* 96 Idaho at 768, 536 P.2d at 1118 (quoting *Edelstein v. Huneke,* 140 Wash. 385, 249 P. 784 (1926)).

In the present case, the district court followed the procedures prescribed by *Wiggins* and conducted a bifurcated trial. During the first phase, the jury was not expressly informed of Johnson's prior conviction and was asked to determine only whether he had committed the offense of driving under the influence of drugs or alcohol on the night in question. Upon the return of a guilty verdict in that phase, the jury was informed of the State's allegation that Johnson had been previously convicted of felony DUI, and evidence was presented on this allegation. In this second phase, the jury returned a verdict finding that Johnson had been convicted of felony DUI within the past ten years.

■ Johnson contends that he was deprived of a fair trial because, when the court was informing the jury of the charge against him in the first phase of the trial, the court disclosed that the offense was charged as a felony. Specifically, the court advised the jury: "The defendant Wesley Melvin Johnson is here upon trial on an information filed in this court charging the defendant with the crime of operating a motor vehicle under the influence of alcohol and/or drugs, a felony . . . ." Although he made no objection to this instruction below,[1] on appeal Johnson complains that the instruction indirectly advised the jury of his prior DUI conviction

and thereby allowed the prejudice which the bifurcation procedure is designed to avoid.

As the State concedes, it was error for the court to reveal to the jury in the first portion of the trial that Johnson was charged with a felony. In a case presenting precisely the same issue, our Supreme Court has held that "in a DUI case where the charge is enhanced to a felony due to the existence of prior convictions, the jury should not be informed during the first phase of the trial that the defendant is charged with a felony." *State v. Roy,* 127 Idaho 228, 231, 899 P.2d 441, 444 (1995). This precaution is necessary because of the possibility that an astute juror could discern that the prosecution of the offense as a felony rather than a misdemeanor means that the defendant must have prior DUI convictions. *Id.*[2]

■ The Supreme Court's decision in *Roy* also establishes, however, that the error of disclosing the felony allegation in the first phase does not, in every case, require a new trial. The correct inquiry is "whether it appears, beyond a reasonable doubt, that there was no reasonable possibility that the error contributed to the conviction." *Id.* In *Roy,* the Court affirmed the conviction, notwithstanding the trial court's error, because the State had presented overwhelming evidence of Roy's guilt. We therefore examine the evidence presented in Johnson's trial to determine whether the trial court's error was harmless or may have contributed to the conviction.

Johnson's claim of prejudice from the jury instruction is substantially undermined by the fact that evidence that he had a prior criminal conviction came before the jury during the defense case-in-chief. While examining a friend of Johnson's, defense counsel asked whether she had a conversation with Johnson on the day of his arrest. The witness replied that she had. When counsel then asked who was present for that discussion, she replied:

---

1. An objection to a jury instruction in the trial court is not a prerequisite to raising the issue on appeal. *State v. Smith,* 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990).

2. Of course, a particularly astute juror might gain the same insight from the fact that the defendant is being tried in the district court on an information with a twelve-person jury.

Just him and I were talking. I was asking him if he would ever put himself in that position again, to get drunk and go out and drive the streets, and he said no, he would never ever do something like that again, because he would never want to go back to prison.

From this testimony, the jury could discern that Johnson had previously driven while drunk and that he had at least one prior conviction, whether for DUI or another offense. Perhaps to avoid drawing further juror attention to this testimony, defense counsel did not move to strike the witness's answer as non-responsive. Therefore, the jury was free to consider the testimony in rendering a verdict. Hence, much of the damage that Johnson claims to have been caused by the court's erroneous instruction had already occurred.

Consideration of this prejudicial testimony that was accidentally elicited by the defense, together with the relative strength of the remaining evidence offered by both parties, convinces us that the jury would have returned a guilty verdict even if the error in the jury instructions had not occurred. Johnson's contention that he was suffering from hypoglycemia rather than intoxication was significantly discredited by the State's evidence. The State presented four witnesses (two police officers and the two convenience store clerks who encountered Johnson minutes before his arrest) who testified that there was a strong odor of alcohol about him. Paul Delaplain also testified that he detected the odor of alcohol even when he interviewed Johnson the following morning. Johnson sought to explain this odor as being caused not by alcohol but by ketosis, a condition which he claimed causes diabetics to emit an odor when they are hypoglycemic. However, the State's expert witnesses testified that ketosis occurs when a diabetic is experiencing extremely high blood sugar, or *hyper* glycemia, not hypoglycemia. This expert testimony was not contradicted by defense experts. The State's evidence also showed that, when examined by a police officer shortly before his arrest, Johnson exhibited gaze nystagmus, an involuntary movement of the eyeballs when the individual looks to the side, which is evidence of intoxication. The State's experts testified that gaze nystagmus is not caused by diabetes or hypoglycemia, and this testimony was also uncontroverted. In light of the State's evidence discrediting Johnson's contention that his symptoms were the result of hypoglycemia rather than intoxication, as well as the disclosure by a defense witness that Johnson had previously engaged in drunk driving and had previously been in prison, we are persuaded beyond a reasonable doubt that there is no reasonable possibility that the error in the court's instruction to the jury contributed to the finding of guilt.

## CONCLUSION

Johnson has not shown error in the district court's admission of Paul Delaplain's testimony or in the court's permitting the State to present a rebuttal witness before Johnson had completed the presentation of his case. The district court's disclosure during the first phase of the trial that Johnson was charged with a felony was error, but the error was harmless beyond a reasonable doubt in view of all of the evidence presented in the case. Accordingly, the judgment of conviction is affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN, concur.