177 P.3d 397

STATE of Idaho, Plaintiff–Appellant,

v.

Michael Duane ALLEN, Defendant–Respondent.

No. 33402.

Court of Appeals of Idaho.

Jan. 7, 2008.

Rehearing Denied Jan. 7, 2008.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for appellant. Lori A. Fleming argued.

Charles E. Kovis, Moscow, for respondent. Charles E. Kovis argued.

Tim Gresbeck, Moscow, for respondent.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED OCTOBER 24, 2007 IS HEREBY WITHDRAWN

LANSING, Judge.

This is the State's appeal from the district court's appellate decision and order reversing Michael Duane Allen's conviction for driving under the influence of alcohol on the grounds that the magistrate abused its discretion by declining to exclude a non-disclosed State's witness as a discovery sanction.

### I.

### FACTUAL & PROCEDURAL BACKGROUND

Allen was arrested on suspicion of driving under the influence. Because the county's breath testing machine was out-of-service, Allen was transported to a local hospital for a blood draw. Test results returned an alcohol concentration of .22. Allen was charged with misdemeanor driving under the influence with an excessive alcohol concentration. Idaho Code §§ 18–8004C; 18–8004.

In response to the defense's discovery request, the State identified two anticipated trial witnesses, the arresting officer and the lab technician who performed the analysis of Allen's blood sample. On the day of trial, the State orally disclosed two additional witnesses for purposes of showing the chain-of-custody of the blood sample. Additionally, during the trial the State produced two documents that should have been produced in response to the discovery request. The defense did not object or seek sanctions for these discovery violations by the State.

The defense did, however, make a trial objection to admission of the blood test results on the ground of lack of foundation. The magistrate sustained the objection, holding that the foundation was inadequate for lack of evidence that the person who withdrew the blood was a person authorized to do so under the provisions of I.C. § 18–8003(1).[1]

---

1. Idaho Code § 18–8003(1) provides:

 Only a licensed physician, qualified medical technologist, registered nurse, phlebotomist trained in a licensed hospital or educational institution or other medical personnel trained in a licensed hospital or educational institution to withdraw blood can, at the order or request of a peace officer, withdraw blood for the purpose of determining the content of alcohol, drugs or other intoxicating substances therein. This limitation shall not apply to the taking of a urine, saliva or breath specimen. For pur-

 poses of this section: (a) the term "qualified medical technologist" shall be deemed to mean a person who meets the standards of a "clinical laboratory technologist" as set forth by the then current rules and regulations of the social security administration of the United States department of health and human services pursuant to subpart M of part 405, chapter III, title 20, of the code of federal regulation; and (b) the terms "phlebotomist" and "other medical personnel" shall be deemed to mean persons who meet the standards for the withdraw-

The magistrate then allowed a continuance for the State to locate the person who drew the blood. After that person was located and brought to the court, the defense objected, contending that the witness should be excluded because the State had not disclosed her as a trial witness. Defense counsel further argued that Allen would be prejudiced if the witness were allowed to testify because he had turned down a favorable plea offer in reliance on the State's discovery response which, defense counsel believed, indicated that the State would not be able to lay a foundation for the admission of the blood test results. The magistrate overruled the objection, noting that the defense attorney was experienced and could not have been unduly surprised by the fact that someone had drawn the blood. The witness then testified that she had been trained and authorized by the hospital to draw blood. After her testimony, the blood test results were admitted into evidence. The jury returned a guilty verdict.

Allen appealed to the district court. That court held that prejudice from the alleged discovery violation was shown because Allen had rejected a favorable plea offer in reliance on the State's discovery responses. The district court stated that the defense was not required to predict omitted witnesses and that the magistrate court had erred by measuring the prejudice caused by the late disclosure against defense counsel's experience rather than the effect it had on Mr. Allen's rejection of the prosecutor's plea offer. The district court therefore reversed the conviction and remanded for further proceedings. The State appeals.

## II.

## ANALYSIS

The State maintains that the prosecutor's omission of the name of the person who drew Allen's blood from its discovery response was not a discovery violation because the prosecutor never intended to call that individual as a witness [2] and did not need her testimony in order to lay a foundation for the blood test results. We need not address those arguments because, even assuming a discovery violation, we agree with the magistrate that no prejudice was shown.

Whether to impose a sanction for a party's failure to comply with a discovery request, and the choice of an appropriate sanction, are within the discretion of the trial court, *State v. Buss,* 98 Idaho 173, 174, 560 P.2d 495, 496 (1977); *State v. Hawkins,* 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct.App.1998); *State v. Matthews,* 124 Idaho 806, 812, 864 P.2d 644, 650 (Ct.App.1993). Where a late-disclosed witness has been allowed to testify despite the defendant's objection to the untimely disclosure, we will not reverse in the absence of a showing that the delayed disclosure prejudiced the defendant's preparation or presentation of his defense. *State v. Byington,* 132 Idaho 589, 592, 977 P.2d 203, 206 (1999); *State v. Pizzuto,* 119 Idaho 742, 751, 810 P.2d 680, 689 (1991), *overruled on other grounds by State v. Card,* 121 Idaho 425, 432, 825 P.2d 1081, 1088 (1991); *State v. Johnson,* 132 Idaho 726, 728, 979 P.2d 128, 130 (Ct. App.1999). The magistrate court here elected not to exclude the witness or impose any other sanction. Therefore, the question on appeal is whether Allen was so prejudiced by the State's alleged discovery violation that the trial court's refusal to exclude the witness as a sanction constituted an abuse of discretion.

The State argues that there was no abuse of discretion because Allen's claimed prejudice from the discovery violation (turning down an attractive plea agreement) was not the type of prejudice that called for exclusion of a witness as a discovery sanction. We agree. The prejudice to be considered is impairment of the defendant's ability to defend himself at trial caused by the untimeliness of the disclosure of witnesses or

---

ing of blood as designated and qualified by the employing medical facility or other employing entity of those persons.

**2.** Idaho Criminal Rule 16(b)(6) provides that upon a written discovery request from the defen-

dant, the prosecuting attorney must furnish the names and addresses of all persons with knowledge of relevant facts "who may be called by the state as witnesses at the trial."

evidence. Our appellate courts have often said that, when an issue of late disclosure of prosecution evidence is presented, "the inquiry on appeal is whether the lateness of the disclosure so prejudiced the defendant's preparation or presentation of his defense *that he was prevented from receiving his constitutionally guaranteed fair trial.*" *Byington*, 132 Idaho at 592, 977 P.2d at 206 (emphasis added); *State v. Smoot*, 99 Idaho 855, 858–59, 590 P.2d 1001, 1004–05 (1978); *State v. Pacheco*, 134 Idaho 367, 370, 2 P.3d 752, 755 (Ct.App.2000); *Johnson*, 132 Idaho at 728, 979 P.2d at 130; *Hawkins*, 131 Idaho at 405, 958 P.2d at 31; *State v. Hansen*, 108 Idaho 902, 904, 702 P.2d 1362, 1364 (Ct.App. 1985). This ordinarily requires that the complaining party demonstrate that the late disclosure hampered his ability to meet the evidence at trial, *State v. Miller*, 133 Idaho 454, 456–57, 988 P.2d 680, 682–83 (1999); *State v. Pizzuto*, 119 Idaho 742, 751, 810 P.2d 680, 689 (1991); *State v. Crook*, 98 Idaho 383, 386, 565 P.2d 576, 579 (1977); *State v. Griffith*, 94 Idaho 76, 81, 481 P.2d 34, 39 (1971); *State v. Coburn*, 82 Idaho 437, 444, 354 P.2d 751, 755 (1960), had a deleterious effect on his trial strategy, *United States v. Marshall*, 132 F.3d 63, 68, (D.C.Cir.1998); *United States v. Camargo–Vergara*, 57 F.3d 993, 999 (11th Cir.1995); *United States v. Lanoue*, 71 F.3d 966, 976–78 (1st Cir.1995), *abrogated on other grounds by United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Noe*, 821 F.2d 604, 607–08 (11th Cir.1987), or that it deprived him of the opportunity to raise a valid challenge to the admissibility of evidence. *Camargo–Vergara*, 57 F.3d at 999.

Here, the record shows no trial prejudice. The witness was called to testify solely about her training and authorization to draw blood, and Allen made no showing that timely pretrial disclosure of this witness would have enabled him to impeach or rebut this testimony. *Compare State v. Goodrick*, 95 Idaho 773, 777, 519 P.2d 958, 962 (1974) (no preju-

dice shown where witness was called to establish the chain-of-custody of physical evidence). *See also State v. Jones*, 125 Idaho 477, 488, 873 P.2d 122, 133 (1994). Because Allen identified no prejudice in preparing or presenting his defense at trial, we find no reversible error in the magistrate's decision to allow the testimony of the non-disclosed witness.[3]

The district court's appellate decision reversing the magistrate court's judgment is reversed, and the judgment of conviction is reinstated.

Chief Judge GUTIERREZ and Judge PERRY concur.

---

3. Because of this conclusion, there is no need for us to address either: (a) the reasonableness of Allen's alleged reliance on a discovery response that could have been supplemented by the prosecutor, *see* I.C.R. 16(i); or (b) the validity of Allen's assumption, implicitly underlying his prejudice argument, that I.C. § 18–8003(1) establishes foundational requirements for the admission of blood tests in DUI cases and that the State therefore would have been unable to introduce the blood test in this case without the testimony of the nondisclosed witness.