**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45785**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 9, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ZANE BOYD MURRI, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction for arson in the first degree with a persistent violator enhancement, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Zane Boyd Murri appeals from his judgment of conviction entered upon the jury verdict finding him guilty of arson in the first degree. Murri argues the district court erred when it declined to sanction the State for its late disclosure of the fire marshal's second report. Murri also argues the district court erred when it declined to exclude the fire marshal's testimony under Idaho Rule of Evidence 403. For the reasons set forth below, we affirm Murri's judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2016, a fire started in Murri's bedroom and caused significant damage at a halfway house. Firefighters responded to the fire and extinguished it. When Murri was asked how the fire started, Murri explained he had been smoking in his room, put a cigarette down on a

container on the bed, and then left the room. The fire captain initially believed the fire was an accident.

Several days later, police received information that Murri bragged about starting the fire. A detective began an investigation regarding the cause of the fire and asked the fire marshal to assist in the investigation. In the course of the investigation, the detective and the fire marshal interviewed Murri and asked how the fire started. Murri explained the fire originated from a lit cigarette that Murri left in a chewing tobacco can on his bed. Murri told the detective and the fire marshal he left the room and returned a short time later, at which point the mattress was on fire. According to Murri, the blankets and sheets were off the mattress, the pillow was on the floor, and the mattress was still wrapped in a plastic covering. Murri also stated it was possible he lit some papers on fire and placed them on the bed.

On August 9, 2016, the fire marshal conducted the first of two controlled burns to test Murri's explanation of how the fire started. The first controlled burn consisted of four tests. For each test, the fire marshal used cigarettes with a mixture of regular cigarette tobacco and pipe tobacco, just as Murri had. The fire marshal conducted the tests on a new mattress that was still in the plastic with no bedding on it. In the three tests that most closely simulated what Murri described, the burning cigarettes only melted the plastic wrap and scorched the mattress cover, but did not create any flames. The fire marshal wrote a report regarding this first test on August 9, 2016, and concluded: "Through my experience and years of training I do not believe this fire could have started the way Mr. Murri said. I also conducted a test burn using like materials in an area that would not have hindered ignition or flame spread."

On December 13, 2016, the fire marshal conducted the second controlled burn to test Murri's explanation of how the fire started. Using the exact mattress and cigarettes that Murri used, the fire marshal performed three tests. After the three tests in the second controlled burn, the fire marshal wrote a report regarding the second burn. The report was written on December 13, 2016, and concluded: "Based on two test burns, years of experience and training I have determined it to be impossible for this fire to have started the way Mr. Murri said."

The State submitted the summary of expected testimony of expert witnesses on February 2, 2017, wherein the State disclosed the fire marshal as a potential expert witness in the matter, whose testimony was expected to include: "Tests conducted to replicate the ability to start a mattress on fire based on defendant's explanation and his opinion of whether a fire could

have started in that manner." The State's list of potential exhibits, filed on February 10, 2017, included three separate items listed as "DVD of controlled burn," "2 CDs of mattress burn test," "Test mattress," and "3 DVD of controlled mattress burn."[1] The exhibit list did not include the fire marshal's reports from the first or second controlled burn.

On August 9, 2017, Murri was appointed new trial counsel. On September 5, 2017, Murri filed a motion in limine to exclude: "Any and all statements, reports, documents and prior testimony offered by or referencing conclusions drawn by the [fire marshal]." The State disclosed the fire marshal's report related to the second controlled burn on September 19, 2017, as part of the State's supplemental response to Murri's request for discovery. The day after, Murri filed an amended motion in limine which sought to exclude the fire marshal's second report. Murri argued he had no notice of the fire marshal's report on the second controlled burn, and therefore, the second report should to be excluded under Idaho Criminal Rule 16(b)(5) and (7), and I.C.R. 16(j) since it was not timely disclosed.

The district court held a hearing on Murri's motion in limine on September 22, 2017. At the hearing, the State explained even if it had failed to disclose the fire marshal's reports, Murri's prior counsel knew the fire marshal conducted two controlled burns, had a video recording of the second test, and had received an expert witness disclosure that explained the fire marshal would testify about more than one test. The State claimed Murri's prior counsel must have failed to discuss the second controlled burn with Murri's current counsel. The State also explained that, like Murri, the State was unaware the fire marshal wrote a report from the second controlled burn. Thus, according to the State, there was no violation of I.C.R. 16 because the State did not know about the report from the second burn until September 19, 2017 (the same day it was disclosed) and did not intend to admit the report when it responded to Murri's request for discovery. Furthermore, the State argued it would be beyond due diligence to ask the prosecutors and their staff to constantly check police records in the event that additional reports were submitted to the police.

After a short discussion regarding the disclosure requirements, the State confirmed that there would be no testimony from the fire marshal that was beyond the scope of either one of the two reports. The district court then inquired as to the relevance of the fire marshal's testimony in

---

[1] It is unclear from the record whether the exhibit list refers to the evidence from the first controlled burn, the second controlled burn, or both.

this case. The State responded that the fire marshal's testimony was relevant in order to prove the willfulness element of the offense since the testimony would show that a cigarette on a bed could not start a fire, as Murri claimed. Murri's counsel contested the State's position and argued the probative value of the fire marshal's testimony was low because the marshal did not investigate the scene.

The fire marshal testified at the motion in limine hearing. The State and Murri's counsel asked questions of the fire marshal before the district court issued its ruling on Murri's motion in limine. The district court found that the fire marshal was qualified as an expert and did not need to go to the scene in order to be qualified to form an opinion. In conclusion, the district court stated: "I've weighed the issues under [I.R.E. 403] and concluded that [I.R.E.] 403 does not preclude this evidence. So I will let [the fire marshal] testify, and we will proceed to trial as scheduled."

The case proceeded to trial where a jury found Murri guilty of arson in the first degree. The jury also found Murry guilty of being a persistent violator. The district court imposed a unified sentence of twenty years, with ten years determinate. Murri timely appeals.

## II.

## ANALYSIS

### A. The District Court Did Not Abuse Its Discretion When It Declined to Sanction the State for Late Disclosure

Murri asserts the district court abused its discretion when it declined to sanction the State for late disclosure. Whether to impose a sanction for a discovery violation, and the choice of an appropriate sanction, are within the discretion of the trial court. *State v. Allen*, 145 Idaho 183, 185, 177 P.3d 397, 399 (Ct. App. 2008). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). When an issue of late disclosure of prosecution evidence is presented, the inquiry on appeal is whether the lateness of the disclosure so prejudiced the defendant's preparation or presentation of his defense that he was prevented from receiving a fair trial. *State v. Pacheco*, 134 Idaho 367, 370, 2 P.3d 752, 755 (Ct. App. 2000); *State v. Johnson*, 132 Idaho 726, 728, 979 P.2d 128, 130 (Ct. App. 1999); *State v. Canelo*, 129 Idaho 386, 389, 924 P.2d

4

1230, 1233 (Ct. App. 1996). The defendant bears the burden of establishing prejudice by showing that there is a reasonable probability that, but for the late disclosure of evidence, the result of the proceedings would have been different. *Pacheco*, 134 Idaho at 370, 2 P.3d at 755.

At issue here is the disclosure of the fire marshal's report from the second controlled burn. Murri argues the late disclosure of the fire marshal's second report was unfairly prejudicial to Murri. Murri claims the State violated discovery rules set forth in I.C.R. 16(b)(5) and (7), and I.C.R. 16(j). Additionally, Murri contends that the late disclosure of the fire marshal's second report meant Murri was unable to find an expert to assess or otherwise respond to the report.

The State does not dispute that the second report was disclosed late, but claims that Murri failed to show prejudice in this case, and thus, the late disclosure was harmless. We agree. Murri must establish prejudice and show there was a reasonable probability that, but for the late disclosure of evidence, the result of the proceedings would have been different. *Pacheco*, 134 Idaho at 370, 2 P.3d at 755. On appeal, Murri argues that the late disclosure of the second report was prejudicial because Murri might not have time to contact an expert to determine if the opinions in the second report were "validated opinions." However, the possibility of an expert examining the second report does not demonstrate how the result of the proceedings would have been different. Furthermore, Idaho appellate courts have held that a defendant fails to demonstrate unfair prejudice when he claims an additional investigation could have been conducted on the evidence, but relies only on the potential for that additional investigation. *State v. Hawkins*, 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct. App. 1998). To establish prejudice, Murri must do more than claim that he might not have time to retain an expert to examine the fire marshal's second report. Specifically, we require the complaining party to demonstrate that the late disclosure hampered the party's ability to meet the evidence at trial, had a deleterious effect on the party's trial strategy, or deprived the party of the opportunity to raise a valid challenge to the admissibility of the evidence. *State v. Allen*, 145 Idaho 183, 186, 177 P.3d 397, 400 (Ct. App. 2008). Murri supplies this Court with none of the argument required by *Allen*.

Murri had the opportunity to cross-examine the fire marshal at the hearing on Murri's motion in limine. Following the cross-examination, Murri's defense counsel claimed that the danger of confusing the issue and unfairly prejudicing Murri outweighed the minimal probative value of the fire marshal's testimony since the fire marshal could not say what caused the fire. There was no explanation that the information contained in the fire marshal's second report was

5

dissimilar from the information within the fire marshal's first report, which was timely disclosed. Murri's counsel did not provide any argument that he was unprepared to address the information within the second report, nor did he argue that the admission of the second report would have a deleterious effect on Murri's trial strategy or deprive him of the opportunity to challenge the State's evidence. Despite this second report, Murri's trial strategy remained the same: challenge the fire marshal's credibility because the fire marshal did not investigate the fire at the scene and could not provide an explanation of what caused the fire. Because Murri did not establish any prejudice from the late disclosure, the district court did not err when it declined to sanction the State for the late disclosure of the fire marshal's second report.

**B.      The District Court Did Not Abuse Its Discretion When It Declined to Exclude the Fire Marshal's Testimony**

Murri also argues the district court abused its discretion when it admitted the fire marshal's testimony under I.R.E. 403.[2] Murri claims the probative value of the fire marshal's testimony was substantially outweighed by the danger of unfair prejudice and confusion of the issues.

The exclusion of relevant evidence on the ground of prejudice is governed by I.R.E. 403, which in 2017, provided:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *Herrera*, 164 Idaho at 270, 429 P.3d at 158.

---

[2]      The district court's decision on Murri's motion in limine considered all of the fire marshal's testimony, and thus, was not limited to the testimony regarding the fire marshal's report on his second controlled burn. On appeal, Murri challenges the fire marshal's evidence and similarly does not narrow the issue to only the second report.

6

The district court admitted the fire marshal's testimony after considering Murri's I.R.E. 403 objection. Initially, the district court determined the fire marshal's testimony was relevant under I.R.E. 401 since it was part of a process of elimination to determine the "negative proof"; that is, what did not cause the fire. Pursuant to the definition of arson, the critical issue in the case was whether Murri caused the fire in a willful manner or by accident. Since the fire marshal's testimony was probative to the willfulness element of arson, the district court determined the testimony was relevant. Next, the district court correctly explained that, although relevant, evidence may be excluded under I.R.E. 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The district court concluded although there was some danger of unfair prejudice to Murri, this minimal danger of prejudice occurs with any evidence that is admitted against a defendant. The district court also concluded there was no confusion of the issues or misleading the jury since the fire marshal's reports were clear about what the fire marshal did.

Murri argues the fire marshal's testimony contained little probative value since the fire marshal failed to investigate the crime scene and was unable to explain what caused the fire. Murri further claims that the fire marshal's testimony had the potential to confuse the issues in the case. Taken together, it is Murri's position that the probative value of the fire marshal's testimony was substantially outweighed by the danger of unfair prejudice.

The district court did not err when it admitted the fire marshal's testimony over Murri's I.R.E. 403 objection. The district court found that the fire marshal's testimony was probative to determine whether Murri's mattress could have caught fire the way Murri described. On appeal, Murri's restatement of his prejudice argument does not show how the district court erred when it found that the fire marshal's testimony was more probative than prejudicial.

Furthermore, Murri provides no additional reasons why the evidence was likely to confuse the issues in the case, mislead the jury, or prejudice the defendant, as I.R.E. 403 states. Without more, Murri fails to establish the district court abused its discretion when it found the probative value of the fire marshal's testimony was not substantially outweighed by the danger of unfair prejudice. We conclude the district court did not abuse its discretion when it declined to exclude the fire marshal's testimony under I.R.E. 403.

## III.

### CONCLUSION

For the reasons set forth above, we affirm the district court's judgment of conviction.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.