**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45617**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  March 7, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **SUBSTITUTE OPINION** |
| ALFRED CARPENTIER, | ) **THE COURT'S PRIOR OPINION** |
| | ) **DATED JANUARY 30, 2019,** |
| Defendant-Appellant. | ) **IS HEREBY WITHDRAWN** |
| | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

Judgment of conviction and sentences for lewd conduct with a minor child under sixteen and sexual abuse of a child under sixteen, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Alfred Carpentier appeals from his judgment of conviction entered upon a jury verdict finding him guilty of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and sexual abuse of a child under sixteen, I.C. § 18-1506.  Carpentier argues the district court erred by denying his motion for a new trial after the clerk of the court referred to Carpentier's charges as felonies while reading the charges to the jury.  Carpentier also appeals his sentences as unduly harsh.  We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Carpentier was charged with lewd conduct and sexual abuse of a minor under sixteen after a report that he had manual-to-genital contact with the nine-year-old victim and asked her to touch his genitalia. Carpentier pled not guilty, and the case proceeded to trial. At the beginning of the trial, the district court instructed the clerk of the court to read a portion of the charging information to the jury. During this reading, the clerk referred to both of Carpentier's charges as felony offenses and described them to the jury as follows:

> Count one, lewd conduct with a minor under 16, *felony*, Idaho Code 18-1508.
>
> Count two, sexual abuse of a child under the age of 16 years, *felony*, Idaho Code 18-1506.
>
> Alfred Lee Carpentier, II, is accused by the grand jury of Canyon County of the crimes of lewd conduct with a minor under 16, a *felony*, Idaho Code Section 18-1508, and sexual abuse of a child under the age of 16 years, a *felony*, Idaho Code Section 18-1506 committed as follows . . . .

(emphasis added).

Carpentier immediately moved for a mistrial. The district court denied the motion, and after two days of trial, the jury found Carpentier guilty of both charges. The district court imposed unified sentences of thirty years with eight years determinate on the lewd conduct charge and twenty years with seven years determinate for the sexual abuse charge, to run concurrently. Carpentier timely appeals his judgment of conviction and his sentences.

# II.

## ANALYSIS

### A.    Motion for a Mistrial

Carpentier asserts the district court erred when denying his motion for a mistrial. In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. "A mistrial may be declared on motion of the defendant, when there occurs during the trial, either inside or outside the courtroom, an error or legal defect in the proceedings, or conduct that is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Despite Carpentier's argument to the contrary, our standard for reviewing a district court's denial of a motion for mistrial is well-established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for

2

mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983). Any error, defect, irregularity, or variance that does not affect substantial rights is harmless and must be disregarded. "The error will be deemed harmless if the appellate court is able to declare, beyond a reasonable doubt, that there was no reasonable possibility that the event complained of contributed to the conviction." *State v. Norton*, 151 Idaho 176, 193, 254 P.3d 77, 94 (Ct. App. 2011).

Citing to the above standard articulated in *Urquhart* and to *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), Carpentier asserts that there are now "two competing standards of review" for the denial of a motion for a mistrial. Carpentier is incorrect. *Perry* does not conflict with the standard articulated in *Urquhart* for review of a denial of a motion for mistrial. The standard remains that the refusal to declare a mistrial will only be disturbed if the incident precipitating the motion, viewed retrospectively, constituted reversible error.[1] *Urquhart*, 105 Idaho at 95, 665 P.2d at 1105.

The primary thrust of Carpentier's argument is that the clerk's pretrial mention of felonies was "overly prejudicial" and "likely had a continuing impact on the jury." We disagree. The State does not dispute that the clerk's reference to felonies was an error, but we conclude it was a harmless error.

---

[1]     In support of a petition for rehearing, Carpentier argues that "after the decision in *Perry* the standard for motions for mistrial has been called into question. . . . No Idaho court has definitively answered the question of who bears the burden of proving whether the denial of a motion for mistrial was 'harmless' or, in other words, 'had a continuing impact on the trial.'" The Idaho Supreme Court has, however, continued to use the well-established appellate standard for analyzing the denial of a motion for a mistrial (articulated in *Urquhart*, *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007), and numerous other Idaho cases) while at the same time citing *Perry* for the proposition that the State has the burden to demonstrate beyond a reasonable doubt that the error did not contribute to the verdict. *See, e.g.*, *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018) (citing both well-established mistrial standard and *Perry*). Accordingly, we disagree that *Perry* calls into question the mistrial standard or that the burden is unclear.

The only references to a felony occurred before trial. There was no mention of a felony thereafter. During Carpentier's two-day trial, the prosecution presented the testimony of seven witnesses including the victim, the victim's mother, the responding officer, a medical social worker, a sheriff's department employee, a detective, and a pediatric nurse practitioner. This testimony detailed Carpentier's sexual misconduct and abuse of the victim. Based on the strength of the prosecution's evidence, there is no reasonable possibility that the clerk's pretrial mention of felonies could have possibly contributed to Carpentier's convictions. *See, e.g.*, *State v. Johnson*, 132 Idaho 726, 730-31, 979 P.2d 128, 132-33 (Ct. App. 1999) (concluding court's pretrial reference to felony while advising jury of charge did not contribute to conviction).

Our conclusion that the clerk's pretrial reading of the charges mentioning felonies did not contribute to Carpentier's convictions is further bolstered by the district court's jury instruction immediately following the clerk's reading of the charges:

> The information is not to be considered as evidence but is a mere formal charge against the defendant. You must not consider it as evidence of guilt, and you must not be influenced by the fact that the charges have been filed. Under our law and system of justice, every defendant is presumed innocent.

On appeal, we presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Therefore, we presume the jury did not consider the charging information as evidence of guilt. The district court also instructed the jury not to concern itself with punishment. We presume the jury followed that instruction as well, and for that reason, we reject Carpentier's argument that the clerk's reference to felonies caused the jury to be concerned about Carpentier's punishment.

Finally, Carpentier contends that the district court should have made an effort to cure the error and suggests that the district court should have instructed the jury to ignore the clerk's reference to felonies. A curative instruction, however, would have undoubtedly enhanced the jury's awareness of the felonious nature of Carpentier's charges. Indeed, on appeal Carpentier notes that a curative instruction would likely not have reduced any prejudice. In light of this acknowledgement, Carpentier's argument that the district court should have instructed the jury to ignore the clerk's reference to felonies is meritless.

Based on the evidence presented at trial and the district court's instructions, we conclude, beyond a reasonable doubt, that there is no reasonable possibility the clerk's pretrial reference to

felonies contributed to the convictions. Consequently, we affirm Carpentier's judgment of conviction.

**B.      Sentencing Discretion**

Carpentier also challenges his sentences as unduly harsh. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards and having reviewed the record, we conclude the district court did not abuse its discretion. The district court noted that society needs to be protected from Carpentier, who used a position of trust to entice and abuse a nine-year-old girl, and that he and others must be deterred by sending a message that Carpentier's conduct is absolutely not tolerated. Regarding Carpentier's remorse, the district court noted that Carpentier did not apologize for his conduct and has failed to accept responsibility for that conduct. Finally, regarding rehabilitation, the district court noted that Carpentier's chance of rehabilitation is "bleak" and his psychosexual evaluation is "one of the worst" the district court has ever seen. This evaluation indicates Carpentier "poses a high risk to re-offend." That Carpentier desires substance abuse treatment does not outweigh these factors. Taking into account the entirety of the record, the sentence imposed was reasonable. *See State v. Felder*, 150 Idaho 269, 276, 245 P.3d 1021, 1028 (2010) (not elevating mitigating factor over need to protect society does not establish abuse of discretion).

Carpentier's reliance on *State v. Alberts*, 121 Idaho 204, 824 P.2d 135 (Ct. App. 1991), to argue that his desire for substance abuse treatment warrants lesser sentences is unpersuasive. In *Alberts*, this Court concluded Alberts' sentence was unduly harsh "[i]n light of Alberts'

expression of remorse for his conduct, his recognition of his problem, his willingness to accept treatment and other positive attributes of his character." *Id.* at 209, 824 P.2d at 141. Specifically, this Court noted Alberts had "favorable reports for treatment and control of his sexual deviancy." *Id.*

*Alberts* is distinguishable from this case. Unlike Alberts, Carpentier does not have a favorable report for rehabilitation of the personal traits contributing to his offense. Instead, Carpentier's evaluation for rehabilitation is just the opposite. It concludes he is highly likely to reoffend. Further, unlike Alberts, Carpentier has neither recognized his problem nor expressed remorse for his conduct. Accordingly, *Alberts* is inapplicable.

Based on our independent review of the record, we conclude the sentences imposed by the district court are not unduly harsh. Carpentier's sentences are warranted by the nature of his offense, his character, and the protection of the public interest.

## III.

## CONCLUSION

Carpentier has failed to show either that the district court erred in denying his motion for a mistrial or that the district court abused its sentencing discretion. Therefore, his judgment of conviction and his sentences are affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.