## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40759

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 27** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 15, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUSTIN LEE WILSON,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Orders denying motion to exclude witness and motion for continuance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Justin Lee Wilson conditionally pleaded guilty to felony driving under the influence, reserving the right to appeal the denial of his motions to exclude a State's witness from testifying because of a discovery violation and his motion to continue the trial. We affirm.

## I.

## BACKGROUND

According to testimony adduced at Wilson's preliminary hearing, at approximately 12:30 a.m. on June 28, 2012, witness Laurie Mayfield was riding a bus when she observed two men enter the bus and stagger to their seats in the back. The "obnoxious" men loudly talked about celebrating one man's birthday and about how intoxicated they were. Mayfield identified Wilson as one of the men.

1

Mayfield became concerned when the men began to discuss who would drive when they reached their stop. The men and Mayfield exited the bus at the same stop, and Mayfield got into a car driven by her daughter. Mayfield and her daughter watched as the men entered a Chevrolet Blazer and drove out of the parking lot at a high rate of speed, spewing gravel, with Wilson at the wheel. The women wrote down the vehicle's license plate number and called 911. They then followed the Blazer and saw Wilson speeding, running red lights, and swerving. When the Blazer stopped at a bar, the women parked in an adjacent lot. The police were "right behind" the women and arrived "within seconds" after they stopped.

After speaking with the women, Coeur d'Alene police officer Mortensen went into the bar and asked the bartender who was the most recent arrival. The bartender pointed out defendant Wilson. The officer directed Wilson outside, where the women identified him as the driver of the Blazer. Mortensen also observed that Wilson appeared intoxicated. After Wilson refused field sobriety tests, he was arrested for felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(a)(6). Subsequent testing revealed Wilson had an alcohol concentration of .203.

At the preliminary hearing, during cross-examination of Officer Mortenson, defense counsel established that the officer did not obtain any information from witnesses regarding how many drinks Wilson may have had at the bar. At the close of the hearing, defense counsel and the prosecutor argued how the absence of such evidence would affect the probable cause determination. The magistrate found that it was not determinative, as the women's testimony provided probable cause to believe that Wilson was under the influence while he was driving and before he entered the bar. The magistrate therefore bound Wilson over to the district court.

Early in the case, Wilson filed a request for discovery, including a request under Idaho Criminal Rule 16(b)(6) to identify the witnesses the State may call at trial and any statements those witnesses made to law enforcement personnel. Four days before the date initially set for trial, the State filed an amended witness list naming, for the first time, the bartender at the bar where Wilson was arrested.

Wilson moved to exclude the bartender's testimony, asserting a discovery violation. At a hearing on the motion the State disclosed, for the first time, the content of the bartender's statement to the prosecution's investigator, indicating that the bartender had not served a drink to Wilson and that Wilson had not consumed anything provided by other customers before the

police officer arrived. The district court refused Wilson's requested sanction of exclusion of the witness, but ordered that the defense be allowed to interview the bartender before she testified. On the day of trial, Wilson moved for reconsideration of his request for exclusion of the witness and, in the alternative, for a continuance of the trial so that he could locate other witnesses from the bar to counter the bartender's testimony. The district court again declined to entirely exclude the bartender's testimony, but limited the State to calling her only as a rebuttal witness. Upon the imposition of this limitation, the district court also denied the motion for a continuance.

Thereafter, Wilson entered a conditional guilty plea, reserving the right to appeal the denial of his motions to exclude the witness and for a continuance.

## II.

## ANALYSIS

Idaho Criminal Rule 16(b)(6) specifies that upon a defendant's written request, the prosecuting attorney must provide the names and addresses of all persons "who may be called by the state as witnesses at trial" as well as "the statements made by the prosecution witnesses or prospective prosecution witnesses . . . ." Parties in criminal cases have a duty of good faith in responding to discovery requests. *State v. Stradley*, 127 Idaho 203, 208, 899 P.2d 416, 421 (1995). For example in *Stradley*, the Idaho Supreme Court considered defense counsel's discovery violation in failing to disclose a defense expert's test to the State under I.C.R. 16(c)(2).[1] Defense counsel argued that because he was "never sure" whether he would call the expert witness at trial, the test was not prepared by a witness whom the defendant "intended" to call at trial under I.C.R. 16(c)(2), and therefore he had no duty to disclose it. The Supreme Court disagreed, stating: "Our rules contemplate that counsel must make a good faith determination of the witnesses to be called and do so at a time when meaningful discovery can be conducted. [Defense counsel's] proposed interpretation would render I.C.R. 16(c)(2) meaningless and we decline to do so." *Stradley*, 127 Idaho at 208, 899 P.2d at 421.

---

[1]    I.C.R. 16(c)(2) states:

> Upon written request of the prosecuting attorney, the defendant shall permit the state to inspect . . . any results or reports of . . . mental examinations . . . made in connection with the particular case . . . which the defendant intends to introduce in evidence at the trial, or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to testimony of the witness.

When a party has failed to comply with discovery the trial court may impose sanctions including, in appropriate circumstances, the exclusion of a witness.  I.C.R. 16(f)(2), 16(j); *State v. Miller*, 133 Idaho 454, 456-57, 988 P.2d 680, 682-83 (1999); *State v. Harris*, 132 Idaho 843, 846-47, 979 P.2d 1201, 1204-05 (1999); *State v. Lamphere*, 130 Idaho 630, 633-34, 945 P.2d 1, 4-5 (1997); *Stradley*, 127 Idaho at 206, 899 P.2d at 419.  Sanctions serve the dual purposes of encouraging compliance with discovery and punishing misconduct.  *Roe v. Doe*, 129 Idaho 663, 667, 931 P.2d 657, 661 (Ct. App. 1996).  The choice of an appropriate sanction, or whether to impose a sanction at all, for a party's failure to comply with a discovery request or order is within the discretion of the trial court.  *Stradley*, 127 Idaho at 208, 899 P.2d at 421; *State v. Hawkins*, 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct. App. 1998).  To determine whether a sanction will be imposed and what it will be, the trial court must weigh the equities, balancing the culpability of the disobedient party with the resulting prejudice to the innocent party in light of the twin aims of the sanction power.  *State v. Anderson*, 145 Idaho 99, 105, 175 P.3d 788, 794 (2008); *Roe*, 129 Idaho at 667, 931 P.2d at 661.  In reviewing a discretionary decision we ask: (1) whether the trial court correctly perceived the issue as one of discretion, (2) whether the trial court acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether the trial court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The disposition of a motion for a continuance is likewise committed to the discretion of the trial court and will not be overturned on appeal unless a clear abuse of discretion is shown. *State v. Richardson*, 95 Idaho 446, 448, 511 P.2d 263, 265 (1973); *Hawkins*, 131 Idaho at 405, 958 P.2d at 31; *State v. Saunders*, 124 Idaho 334, 336-37, 859 P.2d 370, 372-73 (Ct. App. 1993). Unless an appellant shows that his substantial rights have been prejudiced by reason of a denial of a continuance, appellate courts will not find an abuse of discretion.  *State v. Laws*, 94 Idaho 200, 202, 485 P.2d 144, 146 (1971).  When the issue is one of late disclosure of evidence, the inquiry on appeal is whether the untimeliness so prejudiced the defendant's preparation or presentation of his defense that he was prevented from receiving a fair trial.  *State v. Smoot*, 99 Idaho 855, 859, 590 P.2d 1001, 1005 (1978); *State v. Hansen*, 108 Idaho 902, 904, 702 P.2d 1362, 1364 (Ct. App. 1985).  This ordinarily requires that the complaining party demonstrate that the late disclosure hampered his ability to meet the evidence at trial, had a deleterious effect on

his trial strategy, or deprived him of the opportunity to raise a valid challenge to the admissibility of evidence. *State v. Allen*, 145 Idaho 183, 186, 177 P.3d 397, 400 (Ct. App. 2008).

At the hearing on Wilson's initial motion to exclude the bartender as a witness, the prosecutor explained that in September the police and prosecution investigators began attempting to locate the bartender, but had been hampered because the woman no longer worked at the bar and had changed her name upon getting married. The prosecutor also said she had disclosed the witness's name to the defense as soon as the investigators discovered it.

On these facts, the district court at the initial hearing found a discovery violation. The district court apparently concluded that, in good faith, the prosecutor should have disclosed the bartender earlier as a witness that the State "may" call at trial under I.C.R. 16(b)(6), even though the witness's name and location were not yet known, because the State had been actively looking for the witness for a number of months. The court therefore initially addressed Wilson's complaint of untimely disclosure by ordering that the defense be allowed to interview the witness before trial. On Wilson's motion to reconsider on the morning of trial, however, the district court went further and limited the witness to testifying in the State's rebuttal case if Wilson presented evidence that he *had* been drinking while in the bar.[2] The district court apparently

---

[2]     The State argues on appeal that limiting the State to using the bartender's testimony only in rebuttal "cured" its discovery violation because the State does not have a duty to disclose rebuttal witnesses under I.C.R. 16(b)(6). We do not decide the merits of this contention, but note that I.C.R. 16(b)(6) contains no express exception for rebuttal witnesses. The State's argument is reliant upon a series of Idaho decisions stating broadly that the prosecutor's duty to disclose witnesses does not extend to persons called for rebuttal. *See, e.g.*, *State v. Karpach*, 146 Idaho 736, 739, 202 P.3d 1282, 1285 (Ct. App. 2009); *Queen v. State*, 146 Idaho 502, 504, 198 P.3d 731, 733 (Ct. App. 2008); *State v. Dye*, 124 Idaho 250, 253, 858 P.2d 789, 792 (Ct. App. 1993); *State v. Lopez*, 107 Idaho 726, 739, 692 P.2d 370, 383 (Ct. App. 1984). However, that line of authority seems to trace back to *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982), which was applying the terms of a then-existing statute, I.C. § 19-1302. At that time, the statute required the prosecuting attorney to endorse on any information charging a felony the names of all witnesses known to the prosecutor at the time of the filing of the information, but also included a proviso "that the witnesses called by the state in rebuttal need not be endorsed upon the information." *See Olsen*, 103 Idaho at 283, 647 P.2d at 739. In *Olsen*, the Court resolved against the defendant his claim that I.C. § 19-1302 required disclosure of a State's rebuttal witness; the Court did not address whether the then-existing criminal rule, in the circumstances of that case, required such disclosure. An amendment to section 19-1302 in 1989 removed the requirement that the names of witnesses be endorsed on the information and the accompanying proviso. 1989 Idaho Sess. Laws 867. After the adoption of the Idaho Criminal Rules in 1972, with the language now found in I.C.R. 16(b)(6), the first case to state that rebuttal witnesses need

added this limitation as a result of defense counsel's assertions at the hearing. Defense counsel represented that there may be other witnesses from the bar who could testify that Wilson drank alcohol while in the establishment (presumably to show that his blood alcohol resulted from the drinking that occurred after he quit driving). Defense counsel said that he had not contacted these witnesses earlier because, before the State disclosed the bartender, he had "not planned on my client testifying or presenting any witnesses" to establish that Wilson *was* drinking while in the bar. Rather, defense counsel said, his trial strategy had been to rely on the absence of any evidence for the State that Wilson *had not* been drinking in the bar. Following this argument from the defense, the court sanctioned the State by precluding it from using the bartender as a witness in the State's case-in-chief.

On appeal, Wilson argues that this sanction was insufficient and that the witness should have been entirely excluded or, in the alternative, his motion for a continuance should have been granted so that he could locate and subpoena the claimed witnesses who could contradict the bartender's testimony. We are not persuaded, for Wilson has not demonstrated any possible prejudice from the late disclosure of the bartender that was not eliminated by the district court's sanction. By allowing the State to call the bartender only as a rebuttal witness in the event that Wilson presented evidence that he consumed alcohol in the bar, the court placed the defense in exactly the same strategic position that it occupied before the bartender was disclosed. That is, defense counsel asserted that before disclosure of the bartender, he had not intended to present the defendant's testimony nor any other witnesses who would testify to Wilson's consumption of alcohol in the bar. He claimed to need to call such witnesses only in order to contradict the bartender's anticipated testimony. However, that need was eliminated by the court's prohibition against the State calling the bartender in its case-in-chief. The court's ruling provided an effective discovery sanction that obviated any prejudice to the defense and eliminated the basis

---

not be disclosed by the prosecution was *State v. Pierce*, 107 Idaho 96, 106-07, 685 P.2d 837, 847-48 (Ct. App. 1984), but for that proposition the court cited only *Olsen*, a case that did not address the discovery obligations imposed by I.C.R. 16(b)(6). Then *Lopez* carried forward that proposition, citing only *Pierce*. Subsequent cases indicating that rebuttal witnesses need not be disclosed in discovery cite *Lopez*, without actual analysis of whether the language of Rule 16(b)(6) requires disclosure of rebuttal witnesses that are contemplated in advance of trial.

for Wilson's claimed need to locate witnesses to counter the State's evidence in its case-in-chief, because there would be no such evidence to controvert.

Wilson has shown no prejudice, and therefore no reversible error, in the district court's resolution of his motion for sanctions and motion for a continuance. Therefore, the district court's orders and the judgment of conviction are affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**