**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46421**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 18, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARTIN H. BETTWIESER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge; Hon. David D. Manweiler, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for following too closely, <u>affirmed</u>.

Martin H. Bettwieser, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Martin H. Bettwieser appeals pro se from the district court's decision, on intermediate appeal, affirming his judgment of conviction for following too closely in violation of Idaho Code § 49-638. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bettwieser was driving a postal truck in stop-and-go traffic in Boise, Idaho, when a vehicle in front of him braked for traffic. Bettwieser did not stop in time and rear-ended the vehicle. An officer who arrived at the scene issued Bettwieser a citation for following too closely, and he pled not guilty.

1

Representing himself pro se, Bettwieser served a discovery request on the City of Boise on June 19, 2017. According to Bettwieser's affidavit, he reported to the magistrate court at a status conference on July 12 that he had not yet received the City's response to his discovery request. In an affidavit, Bettwieser attests the prosecutor responded indicating a response to Bettwieser's discovery request "existed"; the prosecutor did not have a copy of the response with him; and he would serve the response "again."

Thereafter, on July 18, Bettwieser filed a motion to dismiss the case as a sanction against the City for intentionally delaying its response to his discovery request. In support of his motion, Bettwieser filed his affidavit. The following day, on July 19, the magistrate court denied Bettwieser's motion by placing an electronically generated stamp on the motion stating "denied" for "insufficient grounds" and including the judge's initials.

The case proceeded to a court trial on September 21. Bettwieser testified at trial, as did the officer who issued Bettwieser a citation and the individual Bettwieser rear-ended. The magistrate court found Bettwieser guilty of following too closely and ordered him to pay a $90 fine. Bettwieser timely filed an intermediate appeal to the district court, which affirmed the magistrate court's finding of guilt, and he appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If the magistrate court's findings are supported, if the conclusions follow therefrom, and if the district court affirmed the magistrate court's decision, then we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the magistrate court's decision. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

## III.

## ANALYSIS

A.      **Timeliness of Notice of Appeal**

As an initial matter, the State argues Bettwieser's notice of appeal was untimely so his appeal must be dismissed for lack of jurisdiction. We disagree. Idaho Appellate Rule 14(a) provides an appeal must be filed within forty-two days of the date evidenced by the clerk of the court's file stamp on the order appealed. When computing this time, I.A.R. 22 provides that the day of the act or event after which the designated period of time begins to run is not included but that the last day of the period is included *unless* it is a Saturday, Sunday, or a "non-judicial day." Idaho Code Section 1-1607 defines a "non-judicial day" and provides no judicial business can be transacted (and thus no filings can be made) on any day enumerated in I.C. § 73-108. In turn, I.C. § 73-108 identifies those holidays recognized as "non-judicial days." In summary, if a deadline falls on a Saturday, Sunday, or holiday identified in I.C. § 73-108, then the forty-two day-deadline under I.A.R. 14(a) is automatically extended to the next business day.

The district court entered its order affirming the magistrate court's decision on August 27, 2018. Forty-two days after the order's entry (not including the date of the order's entry per I.A.R. 22) is October 9--the date on which Bettwieser filed his notice of appeal. Moreover, even if the day of the order's entry were included in the computation, then the deadline would have been October 8, which was the second Monday in October, Columbus Day, and a non-judicial day recognized under I.C. § 73-108. Accordingly, Bettwieser's notice of appeal was timely, and we address the merits of his appeal.

B.      **Discovery Sanctions**

Bettwieser challenges the magistrate court's denial of his motion for sanctions against the City for non-compliance with the discovery rules. A trial court may impose sanctions on a party for failing to comply with the rules of discovery. Idaho Criminal Rule 16(f)(2). Whether to impose sanctions at all and the choice of an appropriate sanction is within the trial court's discretion. *State v. Wilson*, 158 Idaho 585, 588, 349 P.3d 439, 442 (Ct. App. 2015); *see also State v. Anderson*, 145 Idaho 99, 104, 175 P.3d 788, 793 (2008) ("The decision whether to impose discovery sanctions is within the discretion of the trial court."). "Sanctions serve the dual purposes of encouraging compliance with discovery and punishing misconduct." *Wilson*, 158 Idaho at 588, 349 P.3d at 442. In determining whether to sanction a party, "the trial court

3

must weigh the equities, balancing the culpability of the disobedient party with the resulting prejudice to the innocent party in light of the twin aims of the sanction power." *Id.*

Bettwieser's argument that the magistrate court abused its discretion by not sanctioning the City is based primarily on his contention that the City's response to his discovery request was untimely and that the City purportedly "intended" to withhold its response "until the day before trial."[1] That the City withheld its response until the day before trial is not supported by the record. Further, that the City's response was untimely is unclear from the record. The City's response to Bettwieser's June 19 discovery request is dated June 28, which was within the fourteen days for a response under I.C.R. 16(f)(1).

The date on which the City served Bettwieser the response, however, is unclear from the record. Bettwieser submitted to the magistrate court a postmarked envelope from the City dated June 29 (which he incorrectly represented to the magistrate court as dated July 29). This postmark suggests the City served Bettwieser on June 29. This suggestion is supported by the notation in the case summary in the record indicating the City filed its response to Bettwieser's discovery response on June 30. Bettwieser, however, augmented the appellate record with various incomplete copies of the City's response indicating a service date of July 21.

Regardless, even assuming the City's discovery response was untimely, Bettwieser's argument fails because he does not identify any prejudice he allegedly suffered as a result of any delay by the City in responding to discovery. For example, Bettwieser does not identify what discovery information he did not receive in a timely manner that somehow adversely impacted his defense. Absent a showing of any prejudice, the magistrate court did not abuse its discretion by denying Bettwieser's motion for sanctions.

---

[1] Bettwieser also challenges on appeal, for the first time, the City's refusal to respond to interrogatories he propounded. The rules of discovery do not provide for interrogatories related to infractions. Bettwieser argues the Idaho Rules of Civil Procedure should apply to allow interrogatories. We do not need to consider the argument raised for the first time on appeal. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (noting appellate review is limited to arguments presented below). Regardless, the Idaho Rules of Civil Procedure do not apply to infractions. Rather, the Idaho Infraction Rules govern the prosecution of infractions. Specifically, I.I.R. 1 states that "the Misdemeanor Criminal Rules shall apply to the processing of infraction citations and complaints to the extent they are not in conflict with these specific rules."

As a related matter, Bettwieser challenges the procedural manner in which the magistrate court denied his motion for sanctions by stamping and initialing his motion as "denied" for "insufficient grounds." Specifically, Bettwieser asserts that the motion "was used as an order"; "was dated the next day after being filed"; "was only initialed"; "was not file stamped"; and was not served on him. This latter assertion that the magistrate court failed to serve its denial on Bettwieser is inconsistent with his admission to the district court on intermediate appeal that "the [magistrate] court sent a copy of the Motion for Sanctions back with additional information on it to make it appear to purport to be some ruling by the court." As to Bettwieser's other complaints, he offers no argument or authority as to why the magistrate court may not deny a motion in the manner it did. As a result, Bettwieser has waived the issue on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (ruling party waives issue on appeal if either authority or argument is lacking).

## C.     Sufficiency of Evidence

Bettwieser contends that the police officer had no basis to issue him a citation for following too closely and that "he only issued the citation[] to suffice [sic] the insurance companies so they could asses [sic] fault." We construe Bettwieser's argument as challenging the sufficiency of the evidence. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code § 49-638 provides that "the driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicle, the traffic upon and the condition of the highway." In reviewing the record, substantial evidence supports the magistrate court's conclusion that Bettwieser violated I.C. § 49-638. The

5

individual who was rear-ended testified that he was driving in stop-and-go traffic when he braked for the traffic in front of him, and Bettwieser immediately hit the individual from behind. Further, the individual testified that, before he was hit, he saw Bettwieser's postal truck "moving at a pretty good rate of speed" behind the individual. Bettwieser also testified that he looked away from the traffic and that when he noticed that traffic had stopped, he tried to brake but could not do so in time. Based on this testimony, we hold that substantial evidence supports the magistrate court's finding of guilt. Moreover, the officer's comment about insurance companies' happiness does not disprove Bettwieser's guilt, but instead it was merely a comment on the officer's standard procedure for issuing citations generally, which had no bearing on Bettwieser's guilt.

D.    **Purported Judgment Anomalies**

Bettwieser challenges the judgment, arguing the magistrate court found him guilty and entered the judgment against him before trial even began. Although not clearly articulated, Bettwieser's argument is apparently based on the magistrate court's electronic judgment form. According to the trial transcript, Bettwieser's trial began at 8:27 a.m., which is the exact same time the judgment form indicates the magistrate court signed the judgment. Bettwieser argues this fact establishes "a preconceived outcome before trial even began."

As the district court correctly noted, however, no evidence indicates the magistrate court actually *completed* the judgment form by entering judgment against Bettwieser (versus selecting some other option on the form, such as dismissing the case) before the trial's conclusion. According to the detailed court minutes, the magistrate court found Bettwieser guilty at 8:58 a.m. and went off the record at 8:59 a.m. Thereafter, the judgment form was filed at 9:02 a.m. This timeline does not establish the magistrate court found Bettwieser guilty before the close of evidence, despite that the magistrate court apparently electronically generated the judgment form at the beginning of trial. Regardless, Bettwieser cites no authority to support the proposition that a magistrate court cannot prepare and enter the judgment in the manner that it did. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970 (ruling a party waives an issue on appeal if authority is lacking).

Bettwieser also raises several other challenges to the magistrate court's electronic judgment form, including that the judgment form failed to advise him of his constitutional rights, did not contain his fine and was purportedly not properly served. We decline to consider these

6

challenges because Bettwieser did not raise these issues before the district court. *See State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003) (ruling appellant may not raise issues different from those presented to the intermediate court).

## E.     Absence of Cumulative Error

Bettwieser also contends that the cumulative error doctrine applies in this case requiring a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). A necessary predicate to the application of the doctrine, however, is a finding of more than one error. *Id.* Bettwieser has failed to demonstrate at least two errors sufficient to invoke the cumulative error doctrine's application.

## F.     Appellate Record

Bettwieser argues the district court erred by failing to include in the appellate record a portion of the police report, and he argues the district court "may be biased and prejudiced" as a result. Bettwieser attempted to admit the document into evidence at trial, but the magistrate court ruled it was inadmissible hearsay. Then, at the conclusion of the trial, the magistrate court returned the unadmitted document to Bettwieser.

In response to Bettwieser's complaint to the district court on intermediate appeal that the document was not included in the appellate record, the district court entered an order granting Bettwieser the right to augment the record to include the document. Based on this order, Bettwieser could have augmented the appellate record with the document. Furthermore, the appellant has the responsibility to provide a sufficient record to substantiate his claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Contrary to Bettwieser's argument, it was his obligation, not the district court's, to include the document in the appellate record.

## IV.

## CONCLUSION

The magistrate court did not abuse its discretion by denying Bettwieser's motion for sanctions. Further, sufficient evidence supports the magistrate court's determination that Bettwieser violated I.C. § 49-638. Finally, Bettwieser has failed to establish any errors related to

the magistrate court's judgment, the appellate record, or any other issue. Accordingly, the district court's decision affirming Bettwieser's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.