# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48082

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 15, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KENNETH M. SANDBERG, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Lansing Haynes, District Judge; Hon. Justin Julian, Magistrate.

Decision of district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for exceeding the speed limit, affirmed.

Kenneth M. Sandberg, Simi Valley, California, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Kenneth M. Sandberg appeals pro se from the district court's decision on intermediate appeal affirming the magistrate court's judgment for exceeding the speed limit, Idaho Code § 49-654. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Trujillo of the Bonners Ferry Police Department pulled Sandberg over and issued him a traffic citation for exceeding the posted speed limit. The citation indicates Sandberg was driving 50 miles per hour in a 35 mile-per-hour zone. The appellate record indicates that Sanders paid the citation under protest. This payment was apparently construed as a guilty plea, but the magistrate court later set aside the judgment at Sandberg's request and scheduled the case for trial. Before trial, the parties exchanged numerous discovery requests and responses.

1

On January 16, 2020, the case proceeded to a bench trial before the magistrate court, and Sandberg appeared in person and represented himself pro se. Before the trial began, Sandberg requested that the magistrate court address his motion to dismiss. Although the magistrate court was unable to locate Sandberg's motion in the record, it allowed him to argue the motion. Sandberg argued the case should be dismissed as a sanction for the State's discovery violations, including its purported failure to disclose certain information and to provide timely discovery responses. The State conceded one of its responses was untimely but represented it had produced all the requested information that existed. The magistrate court denied Sandberg's motion, concluding the State had substantially complied with its discovery obligation.

During the trial, Officer Trujillo and Sandberg both testified. At the conclusion of the trial, the magistrate court found "reasonable doubt as to the sufficiency of the radar reading." It also found, however, that the State had met its burden of proving Sandberg was speeding based on Officer Trujillo's "trained visual estimate" of Sandberg's speed. Based on this finding, the magistrate court entered judgment against Sandberg.

Sandberg appealed to the district court. After Sandberg filed his appellate brief, he requested that the State produce the dispatch log and the report to which Officer Trujillo referred during trial, and Sandberg filed with the district court, among numerous other motions, a motion to compel these documents. In response, the State filed a "discovery response," indicating it was producing a copy of the dispatch log and that no other written reports not already produced existed.[1]

After the State produced the dispatch log, the district court held a hearing on Sandberg's objections to the trial transcript for purposes of appeal. According to the minutes of that hearing, Sandberg raised the issue of the State's post-trial production of the dispatch log, but the district court declined to address the issue, explaining that the court's intermediate appellate decision would be "based purely on [the magistrate court] record and transcript."

After oral argument, the district court issued a written decision. It construed Sandberg's appeal as raising three issues: (1) whether the magistrate court erred by denying Sandberg's motion to dismiss; (2) whether the magistrate court improperly shifted the burden of proof to Sandberg; and (3) whether the evidence adduced at trial was insufficient to prove Sandberg

---

[1]     The appellate record includes the State's discovery response, indicating it was producing the dispatch log, but does not include the dispatch log.

exceeded the speed limit. Addressing these issues, the district court affirmed the magistrate court's judgment. The district court ruled that Sandberg failed to meet his burden of showing the State's late discovery responses prejudiced him; the magistrate court did not improperly shift the burden of proof to Sandberg; and the evidence was sufficient to prove Sandberg was guilty beyond a reasonable doubt.

Sandberg timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003).

## III.

## ANALYSIS

### A.     Motion to Dismiss as Sanction for Discovery Violations

On appeal, Sandberg challenges the magistrate court's denial of his motion to dismiss the case as a discovery sanction for the State's purported violations of Idaho Criminal Rule 16. He contends the magistrate court failed to apply the correct standard under I.C.R. 16. Specifically, he argues the magistrate court "held that there was 'substantial compliance,' but the requirement is complete compliance." Sandberg cites no authority in support of this argument, which misconstrues the applicable standard. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (ruling party waives appellate issue if either authority or argument is lacking).

3

When a party fails to comply with discovery, the trial court may impose sanctions including entering an order "as it deems just in the circumstances." I.C.R. 16(k). Whether to impose a sanction and the appropriate sanction is within the trial court's discretion. *State v. Wilson*, 158 Idaho 585, 588, 349 P.3d 439, 442 (Ct. App. 2015). "To determine whether a sanction will be imposed and what it will be, the trial court must weigh the equities, balancing the culpability of the disobedient party with the resulting prejudice to the innocent party." *Id*. Demonstrating prejudice ordinarily requires showing the discovery violation hampers a party's ability to meet the evidence at trial, has a deleterious effect on a party's trial strategy, or deprives a party of the opportunity to raise a valid challenge to the admissibility of evidence. *Allen*, 145 Idaho at 186, 177 P.3d at 400. The choice of an appropriate sanction--or whether to impose a sanction at all--for a party's failure to comply with a discovery request or order is within the trial court's discretion. *State v. Stradley*, 127 Idaho 203, 207-08, 899 P.2d 416, 420-21 (1995); *State v. Hawkins*, 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct. App. 1998).

On appeal, Sandberg continues to complain, among other things, that the State's discovery responses were untimely and that the State failed to include Officer Trujillo's address in the responses but, rather, only included his employer's identity. Sandberg, however, fails to assert any argument as to how these or other purported discovery violations prejudiced his right to a fair trial by hampering his ability to meet the evidence at trial, affecting his trial strategy, or depriving him of the opportunity to raise a valid challenge to the admissibility of evidence. *State v. Allen*, 145 Idaho 183, 186, 177 P.3d 397, 400 (Ct. App. 2008). Accordingly, the district court correctly ruled that Sandberg failed to show prejudice. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970 (1996) (ruling party waives appellate issue if either authority or argument is lacking).

Sandberg also challenges on appeal the State's failure to produce in discovery the report and the dispatch log to which Officer Trujillo referred during his testimony. As the district court correctly noted, however, these issues are not properly on appeal. *Korn*, 148 Idaho at 415, 224 P.3d at 482 (ruling court reviews magistrate court record on intermediate appeal). Neither the State's post-trial production of the dispatch log nor Sandberg's continued complaint that the State has not produced Officer Trujillo's report are part of the magistrate court record on appeal to the district court.[2] Because Sandberg failed to raise these issues below under the proper, post-

---

[2]    In support of his argument that the State failed to produce Officer Trujillo's "report," Sandberg cites Officer Trujillo's testimony on cross-examination that the time at which he wrote

trial procedure, he failed to preserve them for appeal. *See State v. Hooley*, 166 Idaho 417, 420, 460 P.3d 341, 344 (2020) (ruling pro se litigants are held to same standards and rules as those represented by licensed attorney); *see also State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (ruling issues not raised below may not be considered for first time on appeal).

## B.     Burden of Proof

Sandberg also challenges the magistrate court's application of the burden of proof, arguing that the magistrate court "didn't adhere to innocent until proven guilty beyond a reasonable doubt" standard. In Idaho, a traffic infraction is denominated a "civil public offense" and provides no right to a jury trial. I.C. § 49-1502(1). The courts, however, treat an infraction like a criminal offense for purposes of trial, and the State must prove the elements of an infraction beyond a reasonable doubt. *Id.*; *see also* Idaho Infraction Rule 7(a) ("The burden of proof and the rules of evidence in a trial of an infraction citation or complaint shall be those provided for a trial of a criminal action.").

In support of Sandberg's argument that the magistrate court did not require the State to prove the elements of the infraction beyond a reasonable doubt, Sandberg argues that "the Magistrate Court proves that the standard wasn't adhered to when *it was said* '[Sandberg] has not preven [sic]--presented any evidence or testimony that it was not his vehicle that Officer Trujillo made his visual estimation on.'" This quoted statement on which Sandberg relies, however, was actually made by the prosecutor in closing argument.

Addressing this argument in its ruling, the magistrate court stated:

> I'm confident that the vehicle in question was going well over the thirty-five. The only other issue now that's raised is whether or not [Officer Trujillo] pulled over the right vehicle. And there is some-- hypothetical speculation here, basically that there could have been another vehicle that, presumably, would have had to have been about the same shape and color as yours to confuse the officer. There's no testimony that anybody saw any such second vehicle matching that description. You [Sandberg] didn't even testify that you saw any such vehicle, you just basically surmised that that had to have been what happened because you don't believe the-- speeding vehicle was you. But again it's not every possible or

---

the citation is "documented in my report." In response, Sandberg inquired whether "the citation [was] entered in the record," and the magistrate court responded "it is on file in the case" and that it could "take judicial notice" of the citation. Sandberg did not object to the court taking judicial notice of the citation, and the record does not support Sandberg's assertion that Officer Trujillo's testimony related to some other "report" that the State failed to produce.

5

imaginary doubt that the State must prove its case beyond, it's beyond a reasonable doubt. And looking at what's reasonable here, I don't have any reasonable doubt that it was in fact your vehicle that [Officer Trujillo] visually estimated at fifty in a thirty-five, that was then pulled over.

We agree with the district court that the magistrate court did not improperly shift the burden of proof to Sandberg. The magistrate court made the comments about Sandberg's failure to prove a different vehicle was speeding in the context of explaining his failure to rebut the State's prima facie proof. Namely, once the State met its burden of proof that Sandberg's vehicle was speeding, Sandberg failed to refute this proof by offering evidence that a different vehicle was speeding. Accordingly, we affirm the district court's ruling that the magistrate court did not improperly shift the burden of proof to Sandberg.

## C. Sufficiency of Evidence

Finally, Sandberg challenges the sufficiency of the evidence, arguing that "there is no evidence to prove that [he] was exceeding the posted speed limit." When a criminal action has been tried to a court sitting without a jury, appellate review of the sufficiency of the evidence is limited to ascertaining whether there is substantial evidence upon which the court could have found that the prosecution met its burden of proving the essential elements of the crime beyond a reasonable doubt. *State v. Stark*, 157 Idaho 29, 31, 333 P.3d 844, 846 (Ct. App. 2013). "We are precluded from substituting our judgment for that of the fact finder as to the credibility of witnesses, the weight of evidence, and the reasonable inferences to be drawn from the evidence." *Id.*

In this case, Officer Trujillo testified that nothing blocked or interfered with his view of Sandberg's vehicle; Sandberg's car was "in the slow lane overtaking a tractor trailer and a [sic] pretty high rate compared to the tractor trailer's speed"; and Officer Trujillo "visually estimated it was going fifty miles an hour." Further, regarding his training and certification to make a visual estimate of a vehicle's speed, Officer Trujillo testified:

Q: Can you please explain what your training in regard to speeding violations is?

A: As far as speed estimation goes, in the academy we're given approximately sixteen hours of training, which includes visual estimation followed by verification with radar. And then the field training program once the academy is over, we have to accomplish forty hours of the same.

Q. . . . [W]hat kind of threshold do you have to accomplish in order to become POST certified? What do they require of you?

A. Our margin of error is plus or minus two miles an hour.

6

Based on this testimony, the magistrate court found:

> I've got his trained visual estimate at fifty, which he went through POST and it's within two miles of an hour is basically the certification standard and he passed that, he had another vehicle that you were passing at the time, and that's what drew his attention to your vehicle going fast and he estimates the fifty. It's in a thirty-five, it's not like this is a fifty in a forty-five, you know would be a closer question of thirty-five. So I'm--I'm confident the vehicle in question was going well over the thirty-five.

The district court affirmed this ruling, concluding that Officer Trujillo's visual estimate of Sandberg's speed "was sufficient to meet the State's burden to prove [Sandberg] guilty beyond a reasonable doubt." We agree that substantial and competent evidence supports the magistrate court's conclusion that Sandberg was guilty of speeding.

Related to his challenge to the sufficiency of the evidence, Sandberg argues the prosecutor and Officer Trujillo were not truthful about Officer Trujillo's training to visually estimate a vehicle's speed. Sandberg premises this argument primarily on an apparent post-verdict investigation he conducted about what type of training officers generally receive. The information Sandberg offers on appeal from this investigation, however, was not before the magistrate court. For that reason, we decline to consider the merits of the argument. *See Fodge*, 121 Idaho at 195, 824 P.2d at 126 (ruling issues not raised below may not be considered for first time on appeal).

Further, we reject Sandberg's numerous arguments that Officer Trujillo's testimony was not credible and that he committed perjury and fraud on the court. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). We also reject Sandberg's numerous other arguments that the prosecutor committed perjury or fraud on the court and that the magistrate court was biased. Sandberg did not raise these issues before the magistrate court, and as a result, he failed to preserve them for appeal. *See Fodge*, 121 Idaho at 195, 824 P.2d at 126 (ruling issues not raised below may not be considered for first time on appeal).

Finally, we conclude this Court's decision in *State v. Estes*, 148 Idaho 345, 223 P.3d 287 (Ct. App. 2009), on which Sandberg relies, is distinguishable from this case. In *Estes*, the officer cited Estes "for driving 65 miles per hour in a 55-mile-per-hour zone" and the magistrate court found Estes guilty of speeding based only on the officer's visual estimate of Estes's speed. After

the district court affirmed the magistrate court's judgment on intermediate appeal, Estes appealed to this Court, which addressed the issue of whether an officer's "testimony concerning his visual estimate of the speed of [a vehicle], standing alone, was insufficient to prove the speeding violation beyond a reasonable doubt." *Id.* at 346, 223 P.3d at 288. The Court held that the evidence was not sufficient to meet the State's burden of Estes's guilt beyond a reasonable doubt. *Id.* at 348, 223 P.3d at 290. In support of this holding, the Court noted:

> Although the officer implied that he met a certification standard requiring that he be able to make estimations falling within 5 miles per hour of the actual speed, he did not testify as to the required accuracy rate. That is, he did not disclose whether certification required that he be able to meet the 5-mile-per-hour variance standard 65 percent of the time or 99 percent of the time, nor what his actual rate was.

*Id.* The Court, however, did not rule that an officer's visual estimation alone "can never be sufficient to prove a speeding infraction." *Id.* at 349, 223 P.3d at 291. Rather, the Court limited its holding, stating:

> We hold only that on this evidentiary record, and given that the difference between the estimated speed and the speed limit in this case was not great, the State failed to prove beyond a reasonable doubt that Estes' vehicle was travelling above the speed limit.

*Id.*

Unlike *Estes*, Officer Trujillo testified and the magistrate court found that he was certified to visually estimate the speed of a vehicle with an accuracy of 2 miles per hour. Further, the magistrate court specifically noted that the disparity between the estimated speed of 50 miles per hour and 35 miles per hour was not a close question. Accordingly, Officer Trujillo's visual estimate of Sandberg's speed alone was sufficient to prove beyond a reasonable doubt that Sandberg was speeding.

## IV.

## CONCLUSION

We hold that the district court did not err in affirming the magistrate court's judgment. The magistrate court did not abuse its discretion by denying Sandberg's motion to dismiss and did not apply the incorrect burden of proof. Further, substantial and competent evidence supports the magistrate court's judgment. Accordingly, we affirm the district court's decision on intermediate appeal affirming the magistrate court's judgment.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.